IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

WILLIAM C. YOUNG, *pro se*
& consumer protector,

    Plaintiff;

**12-0830-CV W -ODS**

vs.

Case No._____

**NCO FINANCIAL SYSTEMS INC.**, a
Pennsylvania corporation, **NCO GROUP, INC.**, a
Pennsylvania corporation, **EXPERT GLOBAL
SOLUTIONS**, a Pennsylvania corporation, **TIME
WARNER ENTERTAINMENT ADVANCE NEWHOUSE**, a partnership,
**TIME WARNER NY CABLES, LLC**, Registered Agent: C. T. Corporation,
120 S. Central Ave., Clayton, MO 63105, and **U.S. DEPARTMENT OF SOCIAL
OF SECURITY ADMINISTRATION/U.S. GOVERNMENT**, et al,

    Defendants.

### COMPLAINT FOR CIVIL PENALTIES INJUNCTIONS, AND OTHER RELIEF

COME NOW on or about April 30, 2012, the defendant intentionally, callously, and maliciously committed the following atrocities **[plaintiff request trial by jury @ Kansas City, MO]**:

1. Whereas, upon acting as a debt collector for the U.S. Department of Education/U.S. Government the defendant without plaintiff's authorization falsified information to have plaintiff's retirement check garnished for $367.68 [per month]; whereas, plaintiff beforehand at the advice of the U.S. Department of Education Consolidation Loan Division [PO Box 242800, Louisville, KY 40224; 800 557-7392] had already made prior arrangements to consolidate all educational loans in the amount of $97,000; thereby, allowing plaintiff to make payments of $59.00 per month via INCOME CONTINGENCY PLAN which is all the plaintiff had to pay based upon plaintiff's income pursuant to Obama's Educational Debt Consolidation Plan; henceforth, by defendant having retirement check garnished [for May 1, 2012] this subjected plaintiff to severe hardships; whereupon, plaintiff is behind on mortgage payment [facing foreclosure] and does not have enough money to pay for his medication

1

which as of May 1, 2012 has placed him in stroke range; whereas, if plaintiff does not have his money returned, plaintiff has no other ways or means to pay for his medication; therefore, plaintiff's life would be terminated; because, although plaintiff pays for Medicare, Medicare does not pay for drugs.

(1) Henceforth, nor does plaintiff have enough money to pay for utilities and has received disconnection notices for gas service [MGE}, lights [KCPL], and telephone [cable television; internet]; this is **Abuse of the elderly pursuant to 42 USC §3002 (1) (A) (B).**

(2) Whereas, when plaintiff retired and became eligible to receive a Social Security check @ age 62, the Social Security Administration took half of plaintiff's income due to a Windfall profit; henceforth; this is **Abuse of the elderly pursuant to 42 USC §3002 (1) (A) (B).**

(3) Again, plaintiff has television, internet, and telephone service with Time Warner; however, on or about June of 2012, plaintiff contacted his service provider to explain to them that he could not afford to keep cable TV & internet service, but needed his telephone due to the fact he lives alone & had to call 911 to be rushed to the hospital in 2011; consequently, Time Warner collection department told plaintiff that if he did not pay $133.00 by June 4, 2012, all of the services would be interrupted; this is **Abuse of the elderly pursuant to 42 USC §3002 (1) (A) (B).**

(4) Whereas, when plaintiff applied for emergency assistance to receive food stamps & assistance to pay for utilities on or about June of 2012, the State of Missouri refused to come to his aid, because they said that he made too much money and over the guide line; this is **Abuse of the elderly pursuant to 42 USC §3002 (1) (A) (B).**

2. Henceforth, defendant is likewise in violation of the Federal Trade Commission Act; whereby, plaintiff brings this act under **Sections 5(a), 5(m) (1) (A), 13 (b), and 16 (a) of the "Federal Trade Commission Act," & the "Fair Credit Reporting Act."** Whereas, defendant under **FTC Act,** violates **15 U.S.C. § § 45(a), 45(m)(1)(A), 53(b), and 56(a),** and defendant under the **FCRA Act,** violates **15 U.S.C. §§ 1681-1681u** to obtain monetary civil penalties and injunctive or other relief for defendants' violation of **Federal Trade Commission Act & Federal Credit Reporting Act.**

3. Whereas, defendants violated plaintiff's CONSTUTIONAL RIGHTS [Due Process of Law]; whereupon, wages/retirement annuity was garnished without plaintiff having a trial, a jury, or a judgment from any court in the United States of America.

4. Whereas, defendant employed deceptive malpractice collection techniques via changing names of numerous corporations incorporated in different states located @ various locations within the last ten years.

## DEFENDANTS

5. Whereas, Defendant NCO Group, Inc., is a for-profit corporation organized, existing, and doing business under the laws of the state of Pennsylvania; whereupon, its principal place of business is located @ 507 Prudential Road, Horsham, PA 19044.

6. Henceforth, Defendant NCO Financial Systems, Inc., is a for-profit corporation organized, existing, and doing business under the laws of the state of Pennsylvania; whereupon, its principal place of business is located @ 507 Prudential Road, Horsham, PA 19044.

7. Whereas, Defendant Expert Global Solutions is a for-profit corporation organized, existing, and doing business under the laws of the state of Pennsylvania; whereupon, its principal place of business is located @ 507 Prudential Road, Horsham, PA 19044; whereby, Ronald Rittenmeyer is CEO & John R. Schwab is Treasurer.

## REMEDY

8. Whereas, plaintiff request court to mandate that defendant rescinds garnishment of plaintiff's wages, whereupon plaintiff can resume medical treatment.

9. Henceforth, plaintiff request court to turn this case over to the Federal Trade Commission & Attorney General of the United States of America for an immediate investigation.

10. Whereupon, if plaintiff has stroke and incapacitated in a nursing home due to lack of medication, or if plaintiff has stroke or heart attack due to lack of medication which would result in plaintiff's death, the Estate of William C. Young shall amend lawsuit to $70 million dollars [plaintiff is author of history texbooks]; henceforth, the Executor/Heir to the Estate of William C. Young is Cameron M. Young, 7607 E. 100th Terrace, Kansas City, Missouri 64134; 816 522-0291.

11. Whereas, if defendants do not rescind mandate to negate garnishment of retirement annuity and return all money to plaintiff in 30 days which is the plaintiff's only ways and means of support, plaintiff will seek $177,000.00 punitive damages from defendants.
12. Whereas, the first mortgage of foremost property holder is Dovenmuehle Mortgage, Inc., ONE Corporate Drive, #360/Lake Zurich, IL 60047; henceforth, the second mortgage holder in the amount of $10,000 is HFC/Beneficial MO, Inc., 12121 Blue Ridge Extension; Grandview, MO 64030.
13. Henceforth, a $4000 lien was placed on foremost property by Mazuma Credit Union, 9300 Troost, Kansas City, MO 64131; however, loan was covered via Chapter VII Bankruptcy in United States District Court for the Western District of Missouri in 2003 via Attorney Richard Rose: 922 Oak, Kansas City, MO 64106
14. Again, HFC/Beneficial, Inc. attached $8000 lien to foremost property; however, that debt was also satisfied in same federal court via Richard Rose; therefore, plaintiff's equality in foremost property minus all liens as of the present date should be at least or more than $8000.00; whereas, via this petition plaintiff is notifying court that all of his equity will be transferred to the United States Government via the Department of Treasury's Financial Management Service @ PO Box 1686, Birmingham, AL 35201-1686 through a voluntarily lien on the property located @ 9727 Overhill Road, Kansas City, Missouri in Jackson County.
15. Whereas, plaintiff receives annuity payment via U.S. Office of Personnel Management @ PO Box 45, Boyers, PA 16017; plaintiff receives Social Security check via Social Security Administration @ 601 E. 12th Street, Kansas City, MO 64106.
16. Henceforth, plaintiff's consolidation was arranged via U.S. Department of Education Consolidation Department @ PO Box 242800, Louisville, KY 40224-2800.
17. Pursuant to Federal laws pertaining to Civil Law Procedure, plaintiff will have trial-by-jury @ Kansas City, Missouri.
18. With the above things being said & done, plaintiff seeks **$3.7 million for punitive damages** [to be divided equally among all defendants if court rules in plaintiff's favor].

SIGNATURE _____  DATE 7/3/2012

4

## NAMES & ADDRESSES WHERE DEFENDANTS CAN BE SERVED

**Ronald Rittenmeyer**
507 Prudential Road
Horsham, PA 19044

**Eric Younger**
507 Prudential Road
Horsham, PA 19044

**John R. Schwab**
507 Prudential Road
Horsham, PA 19044

**Anthony Casscarelli**
507 Prudential Road
Horsham, PA 19044

**Randoe Dice**
U.S. Department of Social Security Administration
6320 Euclid Avenue
Kansas City, MO 64132

**Registered Agent: C.T. Corporation**
120 S. Central Avenue
Clayton, MO 63105
**Agents for,**
Time Warner Entertain Advance Newhouse, partnership,
Time Warner NY Cables, LLC,